OPINION of the court, by
Ch. J. Boyce.
This! was an action of detinue for a negro boy : a verdict being found for the defendant on the general issue, the plaintiffs applied to the court for a new trial, but theif application being refused, they took an exception, in which they spread the whole evidence upon the record, and have now brought the question before this court by writ of error.
'1 he plaintiffs, in support of their right to the negro in question, produced a mortgage from josias Bullock, under ’whom the defendant also claimed. The defendant, it appears, had acquired the possession of the negro prior to the date of the mortgage from Josias Bullock to the plaintiffs, hut under what terms or for what purpose there is no direct proof. But it is Contended that it ought to be presumed that the negro was delivered as a pledge for the payment of money which it is proven Josias Bullock owed to the defendant.
Without an agreement that the negro should be held as a pledge, it is evident that the mere circumstance of josias Bullock being indebted to the defendant, could give him no lien upon the negro, or authorise his detention ; and since there are many other purposes besides that of a pledge, for which a creditor may acquire the possession of his debtor’s property, possession alone, hi the absence of all other proof, can hardly be admitted as creating a presumption of an agreement that the property should be held’as a pledge. But were a presumption of this sort admitted to arise in general from the possession of the creditor, in this case there are circumstances which are sufficient to repel that presumption. When the plaintiffs, before the commencement of this suit, demanded the negro ot the defendant, he assigned as the only cause of his refusal to deliver the negro, that he was security for Josias Bullock, in two judgments which he alleged had been obtained against him.buffwas wholly silent as to any agreement with Jo-sias Bullock that gave him a lien upon the negro as an Indemnity for such securityship.
' Had such an agreement existed, it is natural to suppose, when stating his claim to detain the negro, ⅛ *289 *•»': fa have mentioned if, and his silence upon that sub- • < t is difficult to be accounted for on any o’licr score th »r, that of his having no each foundation ior his claim. Bui on the trial lie failed to prohe the judgments which he had alleged as the cause of detaining the negro, and ;ef up as the ground of his claim a debt due to him bum Josias Bullock, which be had not mentioned when the negro was demanded of him.
The defendant was then not only siierijtwith respect to the existence of any agreement which g%ve him a lien upon the negro, but with respect to the only debt which such alien, had if existed, could have been intended to s cure. This silence, combined with his dereliction of the ground he had originally taken, and his assuming a new and distinct one on the trial, is surely abundantly sufficient to destroy any possible presumption of an tig-cement to hold the negro as a pledge, that might arise from the mere circumstance of possession.
But it was contended for the defendant that as josias Bullock was out of the possession of the negro at the time of the mortgage to the plaintiffs, they could acquire no right to the negro under the mortgage. This objection to the plaintiffs’ right is founded upon the j rhictple of the common law which prohibits the as* signment or transfer of a chose in action. This principle has never been extended to a case of this kind, where the person in possession holds professedly under the seller, and has none but a special property in the thing which is the subject of the sale or transfer : for it is a general rule of law, that the general or absolute property of personal chattels draws to it the possession, insomuch that the owner may bring trespass or trover, although he has never had the actual possession — 2 Saund. 47, note 1 a, and the authorities there cited.
J he plaintiffs then having shewn a clear right to the negro in question, and the defendant having no other claim than that derived from a naked possession, the verdict of the jury was contrary to evidence, and the court below erred in not setting it aside and granting a new trial.
Judgment reversed, the verdict set aside, and the cause remanded, that a new trial may be had, See.